OPINION
On September 2, 1994, the Licking County Grand Jury indicted appellant, Brian Williams, on one count of aggravated robbery in violation of R.C. 2911.01. Said charge arose from the robbery of a Duke and Duchess convenience store in Newark, Ohio. A jury trial commenced on April 24, 1995. The jury found appellant guilty as charged. By judgment entry filed May 19, 1995, the trial court sentenced appellant to an indefinite term of eight to twenty-five years in prison.
Following an appeal, this court reversed appellant's conviction and ordered a new trial. See, State v. Williams (January 14, 1997), Licking App. No. 95CA69, unreported. Upon remand, a second trial was held and the jury found appellant not guilty of the aggravated robbery charge.
On August 20, 1998, appellant filed a petition for wrongful imprisonment against the State of Ohio, Department of Rehabilitation and Correction. On September 11, 1998, the state filed a motion to dismiss. By judgment entry filed September 30, 1998, the trial court granted said motion. Following an appeal, this court affirmed the decision. See,Williams v. State of Ohio (April 1, 1999), Licking App. No. 98CA98.
On June 6, 1999, appellant again filed a petition for wrongful imprisonment, this time against appellees, the Licking County Prosecutor's Office and the State of Ohio Attorney General's Office. A trial commenced on March 19, 2001. By judgment entry filed April 3, 2001, the trial court found appellant's claim was not proven by a preponderance of the evidence and dismissed the petition.
On April 17, 2001, appellant filed a motion for new trial. On May 3, 2001, appellant filed an appeal on the April 3, 2001 dismissal (Case No. 01CA51). On May 4, 2001, the trial court denied the motion for new trial. On June 4, 2001, appellant filed an appeal on the May 4, 2001 denial (Case No. 01CA62). This matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ABUSED HIS DISCRETION WHEN HE DENIED APPELLANT'S MOTION FOR A NEW TRIAL WHEN IT IS CLEAR THE DECISION IS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE.
 II THE TRIAL JUDGE'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims the trial court erred in denying his motion for new trial. After an examination of the record, we find the trial court did not have jurisdiction to rule on the motion.
Appellant timely filed his motion for new trial pursuant to Crim.R. 59. The trial court set the matter for hearing for May 4, 2001. Before the trial court could rule, appellant appealed the trial court's April 3, 2001 dismissal on May 3, 2001 at 4:32 p.m.[1] The trial court filed its denial of the motion for new trial on May 4, 2001 at 8:41a.m.
Pursuant to App.R. 4(A)(2), a timely filed motion for new trial stays the running of the thirty day appeal time:
 Civil or juvenile post-judgment motion. In a civil case or juvenile proceeding, if a party files a timely motion for judgment under Civ.R. 50(B), a new trial under Civ.R. 59(B), vacating or modifying a judgment by an objection to a magistrate's decision under Civ.R. 53(E)(4)(c) or Rule 40(E)(4)(c) of the Ohio Rules of Juvenile Procedure, or findings of fact and conclusions of law under Civ.R. 52, the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered.
Upon review, we find because appellant filed a notice of appeal, the trial court did not have jurisdiction to rule on the motion for new trial. We vacate the May 4, 2001 judgment entry and remand the matter to the trial court for a determination on said motion.
 II
Appellant claims the trial court's decision in dismissing his claim for wrongful imprisonment was against the manifest weight of the evidence. We disagree.
A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court.Myers v. Garson (1993), 66 Ohio St.3d 610.
As noted in the case law cited supra, review of a claim that a judgment is against the manifest weight of the evidence necessitates a review of the evidence presented. Pursuant to App.R. 9(B), appellant has the mandatory duty to provide this court with a transcript of the trial when making a manifest weight argument:
 The transcript of proceedings; duty of appellant to order; notice to appellee if partial transcript is ordered
 At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion.
The record sub judice does not have the transcript of the civil trial held on March 19 and 20, 2001. The only transcripts in the record are of appellant's second criminal jury trial on September 2, 1997, and the depositions of appellant, Harvey Shulman and Stacy Williams. We are unable to find, absent a trial transcript, that any of these recordings were used at trial. Although it is true the trial of September 2, 1997 concluded in an acquittal, that is but one of the prongs of a successful wrongful imprisonment claim under R.C. 2743.48. Appellant must not only prove he was acquitted of the offense, but also must prove he was innocent of the offense. Palmer v. State (October 13, 1999), Medina App. No. 2878-M, unreported. This provision requires that the transcript of the civil trial be prepared for our review.
Based upon App.R. 9(B), this assignment of error is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed for Case No. 01CA51. The judgment entry in Case No. 01CA62 is vacated. The case is remanded to the trial court for determination of appellant's motion for new trial.
By FARMER, J., EDWARDS, P.J. and HOFFMAN, J. concur.
[1] We note the docket states the notice of appeal was filed on May 4, 2001, but the time stamp indicates May 3, 2001 at 4:32 p.m.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed for Case No. 01CA51. The judgment entry in Case No. 01CA62 is vacated. The case is remanded to the trial court for determination of appellant's motion for new trial.